IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**ROBERT FILIPIUK**
4400 Calvert Rd., Apt. 213
College Park, MD 20740

    *Plaintiff*,

V.

**DEPARTMENT OF DEFENSE**
1000 Defense Pentagon
Washington, District of Columbia 20520

  <u>As to each Defendant Serve:</u>

**United States Attorney for**
**The District of Columbia**
601 D Street NW
Washington, DC  20530

**Attorney General of the United States**
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530

    *Defendants*.

**Civil Action No. _____**

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

    For his Complaint, Robert Filipiuk ("Filipiuk" or "Plaintiff"), by the undersigned counsel, states as follows:

    1.    The Plaintiff brings this action for declaratory, injunctive, and other appropriate relief against the Defendant for actions it has taken and continue to take against Mr. Filipiuk; specifically, the Defendant has violated Plaintiff's Fifth Amendment rights by forcing him to choose between self-incrimination or holding a security clearance, a condition of his employment.

    2.    In this case, Plaintiff's basis for the complaint is a violation of the Fifth

Amendment and a violation of the Administrative Procedures Act (APA), 5 U.S.C. §§ 701-706.

## PARTIES

3. Plaintiff is a United States citizen and a resident of Maryland.

4. The Defendant, Department of Defense, is a "federal government agency" within the meaning of (1) 28 U.S.C. §1346(b), 28 U.S.C. §2401(b), 5 U.S.C. §701(b)(1), and 28 U.S.C. §2671.

## JURISDICTION

5. The Court has both subject matter jurisdiction over this action and personal jurisdiction over the Defendant pursuant to 28 U.S.C. §1331.

6. The Court also has jurisdiction pursuant to 5 U.S.C. § 702, 5 U.S.C. § 706 and 28 U.S.C. §§ 2201-2202.

7. The Court has authority to issue declaratory and injunctive relief under 28 U.S.C. § 1361.

8. Venue is proper in this Court pursuant to 28 U.S.C. §1391 (b) and (e).

9. The Court has the authority to award attorneys' fees and expenses under 28 U.S.C. § 2412.

## FACTS

10. The Plaintiff has been employed as an aerospace engineer by Johns Hopkins University Applied Physics Laboratory (APL), a federal contractor, since February 2023. Declaration of Robert Filipiuk dated May 28, 2025; Declaration of David Benigni dated May 29, 2025; Exhibit A (transcript of hearing) at 8.

11. Holding a security clearance is a condition of Plaintiff's continued employment. Thus, Plaintiff underwent a background investigation that began with him completing a

2

Questionnaire for National Security Positions (SF-86) in January 2023. Exhibit B.

12. Included in the SF-86 is a Privacy Act Statement which states:

> The information you provide is for the purpose of investigating you for a national security position, and the information will be protected from unauthorized disclosure. The collection, maintenance, and disclosure of background investigative information are governed by the Privacy Act. The agency that requested the investigation and the agency that conducted the investigation have published notices in the Federal Register describing the systems of records in which your records will be maintained. The information you provide on this form, and information collected during an investigation, may be disclosed without your consent by an agency maintaining the information in a system of records as permitted by the Privacy Act [5 U.S.C. 552a(b)], and by routine uses, a list of which are published by the agency in the Federal Register.

13. One of the routine uses is "For Law Enforcement Purposes - To disclose pertinent information to the appropriate Federal, state, local, tribal, foreign, or other public authority responsible for investigating, prosecuting, enforcing, or implementing a statute, rule, regulation, or order where OPM becomes aware of an indication of a violation or potential violation of civil or criminal law or regulation." 2013 OPM Statement of Routine Uses for OPM's Internal and Central Systems of Records, 60 FR 63075 at 63077.

14. As such, in completing the SF-86, applicants are on notice that, throughout the security clearance investigation process, disclosed information may be shared with federal and state law enforcement authorities responsible for investigating and prosecuting criminal offenses.

15. On the SF-86, Plaintiff disclosed that he used marijuana edibles approximately four times between March 2022 and October 2022. *See* Exhibit B at 44.

16. On August 15, 2023, the Defendant issued a preliminary decision finding that it was not clearly consistent with the national interest to grant him access to classified information. This decision was made pursuant to Guideline H (Drug Involvement and Substance Misuse) of the Adjudicative Guidelines. Exhibit C.

17. Plaintiff was afforded a review of the decision, as well as a request for all underlying investigation materials utilized in the Defendant's decision. Exhibit D.

18. On November 14, 2023, Plaintiff requested a review of the decision and submitted his response. Exhibit E.

19. On January 30, 2024, Defendant issued a letter notifying Plaintiff that DOHA had received his response and would be referring his case to the hearing office for assignment to an administrative judge. Exhibit F.

20. On November 1, 2024, a DOHA representative scheduled a hearing for January 8, 2025, and issued the Notice of Hearing on November 5, 2024. Exhibit G.

21. During the hearing, the following cross-examination occurred between DoD Counsel and Plaintiff.

> DoD Counsel: So you haven't used marijuana since October 2022. Is that correct?
>
> Plaintiff: I decline to answer that question
>
> DoD Counsel: Okay. Have you used any other illegal drugs aside from marijana, since October 2022?
>
> Plaintiff: I also decline to answer that question.

*See* Exhibit A at 27.

22. After closing arguments had concluded, the following exchange occurred between the Administrative Judge and Plaintiff's counsel:

> Administrative Judge: You know, throughout the investigation and even during the hearing, the Government expects that applicants will provide full disclosure and truthful answers to their questions. Do you have any concerns that your client declined to answer Department Counsel's question about whether he used any illegal drugs after October 2022?
>
> Plaintiff's Counsel: Do I have concerns regarding his reliability, trustworthiness and good judgment?
>
> Administrative Judge: Yes. If he's going to provide full disclosure, refusing to answer the Government's question.

4

>  Plaintiff's Counsel:    Well, Your Honor, you've – Your Honor, please don't take my pause as anything other than I want to choose my words carefully here. As you know, I've talked to many witnesses that I did not call for a variety of reasons, most of which were repetitive, countless hours with my client and his family. I don't have a concern. But then again, I know much more than you do and I can't go into a lot of it and some of it's repetitive.
>
>  I'm sorry, Your Honor. Are you asking me if I have concerns about his reliability or concerns that he would not answer?
>
>  Administrative Judge:   I think they kind of go hand in hand. I know we've had closing arguments but I will give you and your client, if you want, one more chance to answer that question, because it is a relevant question.

*Id*. at 65-66.

23.　　After a five minute recess in which Plaintiff's Counsel conferred with Plaintiff, Plaintiff's Counsel informed the Administrative Judge that Plaintiff "decided to stand by his decision not to answer the question that was posed to him by Government's Counsel." The Administrative Judge responded with, "Okay. Understood. I gave you the opportunity." *Id*. at 66.

24.　　Pursuant to DoD Directive 5220.6 (Defense Industrial Personnel Security Clearance Review Program), Section 6.2, which was provided to Plaintiff, Plaintiff was on notice that he could decline to answer questions posed to him during the hearing on constitutional grounds, but understood that in the event that he chose to do so, Defendant could revoke his clearance. Exhibit H; *see* Exhibit F.

25.　　Plaintiff declined to answer the above questions for fear of criminal prosecution.

26.　　Plaintiff was never provided with a *Kalkines* warning or any other form of immunity from prosecution.

27.　　On April 17, 2025, DOHA informed the Plaintiff that the Administrative Judge issued an "***unfavorable*** security clearance decision[,]" and that this decision would be the final decision in the case unless Plaintiff appeals to the Appeal Board. Exhibit I (emphasis in original).

28. The Administrative Judge considered ample evidence that the Plaintiff had mitigated the Guideline H security concerns, including that Plaintiff "underwent drug tests on August 23, 2023, September 6, 2023, September 21, 2023, October 6, 2023, October 20, 2023, and November 11, 2023." The Administrative Judge noted that "[a]ll tests were negative for drugs[,]" and "[o]n November 14, 2024, [Plaintiff's] hair follicles were tested for marijuana[, and t]he tests were negative for drugs." She noted that:

> On September 20, 2023, Applicant underwent a drug and alcohol evaluation at a center that has an accredited substance abuse counseling program. The material used to determine and assess his alcohol and drug behavior included a clinical interview, which uses the Diagnostic and Statistical Manual for Mental Disorders (DSM V) criteria for substance abuse and mental health disorders. The clinician also reviewed Applicant's past history of drug and alcohol use. The results revealed that Applicant's infrequency and amount of current drug and alcohol consumption does not meet the DSM-V criteria for substance use disorder. No additional treatment was recommended.

Exhibit J.

29. The Administrative Judge noted that Plaintiff had "acknowledged his illegal drug use and signed a statement of intent indicating he will not use marijuana in the future. He acknowledged any future illegal use could result in the revocation of his security clearance." Further, she stated:

> I considered the [Plaintiff"'s] performance awards and favorable character references. He is highly thought of by his supervisor, friends, co-workers and family members. If [Plaintiff] had answered the question about whether he has used marijuana since October 2022, he might have mitigated the security concerns under Guideline H.

Nonetheless, the Administrative Judge stated:

> I cannot conclude that [Plaintiff's] marijuana use happened so long ago and is unlikely to recur because he refused to answer the question about whether he used marijuana after October 2022. Applicants are expected to be truthful and honest during security clearance proceedings at all times. His failure to answer this question prevents me from concluding that his marijuana use was in the past and unlikely to recur. It also raises doubt about the [Plaintiff's] current reliability, trustworthiness, and good judgment.

*Id*. at 8.

30. Plaintiff submitted his Notice of Appeal on May 5, 2025, and DOHA set the due date for the appeal for July 2, 2025. Exhibit K; Exhibit L.

## **LEGAL FRAMEWORK**
### **Fifth Amendment of the United States Constitution**

31. The Fifth Amendment of the United States Constitution protects an individual from being compelled to testify against himself for the purposes of a criminal proceeding. USCS Const. Amend. 5.

### **Administrative Procedure Act (APA)**

32. Pursuant to the 5 U.S.C. §704 of the APA, "final agency action for which there is no other adequate remedy in a court are subject to judicial review." Specifically, the APA provides:

> Except as otherwise expressly required by statute, agency action otherwise final is final for the purposes of this section whether or not there has been presented or determined an application for declaratory order, for any form of recoconsideration, or, unless the agency otherwise requires by rule and provides that the action meanwhile is inoperative, for an appeal to a superior agency authority.

5 U.S.C. §704.

33. In other words, the Administrative Judge's decision, for the purposes of the APA, is final because the Department of Defense has not made its action "inoperative" pending an appeal. Plaintiff security clearance remains revoked pending the appeal.

34. In order to prevent irreparable injury, the reviewing court "may issue all necessary and appropriate process to . . . preserve status or rights pending conclusion of the review proceedings. 5 U.S.C. §705.

35. As the revocation of Plaintiff's security clearance, premised upon the invocation of his Fifth Amendment rights, will irreparably harm Plaintiff as it is a condition of his

employment, the Court may enjoin the Defendant from requiring the appeal of the revocation pending the outcome of this litigation.

36.　　Under the APA, "the reviewing court shall decide all relevant questions of law . . ." and it shall "hold unlawful and set aside agency action, findings, and conclusions . . . contrary to constitutional right, power, privilege, or immunity." 5 U.S.C. §706(2)(B).

37.　　In using Plaintiff's assertion of his Fifth Amendment rights as a basis to revoke Plaintiff clearance, a condition of his employment, the Department violated Plaintiff's constitutional rights and privilege against self incrimination. Thus, pursuant to the APA, this Court may set aside these actions and the findings and conclusions that resulted therefrom.

<div align="center">

**SECURITY CLEARANCE ADJUDICATIONS**
**Guideline H**

</div>

38.　　The security concern pursuant to Guideline H (Drug Involvement) is set forth in SEAD 4, Appendix A, paragraph 24. It states:

> The illegal use of controlled substances, to include the misuse of prescription and non-prescription drugs, and the use of other substances that cause physical or mental impairment or are used in a manner inconsistent with their intended purpose can raise questions about an individual's reliability and trustworthiness, both because such behavior may lead to physical or psychological impairment and because it raises questions about a person's ability or willingness to comply with laws, rules, and regulations.

39.　　Under Guideline H, conditions that could mitigate the security concern include:

> (a) the behavior happened so long ago, was so infrequent, or happened under such circumstances that it is unlikely to recur or does not cast doubt on the individual's current reliability, trustworthiness, or good judgment;
>
> (b) the individual acknowledges his or her drug involvement and substance misuse, provides evidence of actions taken to overcome this problem, and has established a pattern of abstinence, including, but not limited to:
> 　　(1)　　disassociation from drug-using associates and contacts;
> 　　(2)　　changing or avoiding the environment where drugs were used; and
> 　　(3)　　providing a signed statement of intent to abstain from all drug involvement and substance misuse, acknowledging that any future

involvement or misuse is grounds for revocation of national security eligibility[.]

### Department of Defense (DoD) Directive 5220.6

40. DoD Directive 5220.6 (Defense Industrial Personnel Security Clearance Review Program) sets forth the procedures to be utilized in security clearance hearings before administrative judges at DOHA.

41. Section 6.2 provides. in relevant part:

> The applicant may elect on constitutional or other grounds not to comply; but refusal or failure to furnish or authorize the providing of relevant and material information or otherwise cooperate at, any stage in the investigation or adjudicative process may prevent the DOHA from making a clearance decision. If an applicant fails or refuses to . . . Follow directions of an Administrative Judge or the Appeal Board; then the Director, DOHA, or designee, may revoke any security clearance held by the applicant and discontinue case processing. Requests for resumption of case processing and reinstatement of a security clearance may be approved by the Director, DOHA, only upon a showing of good cause.

DoDD 5220.6, Section 6.2.3 (January 2, 1992).

### COUNT I
### Violation of the Fifth Amendment - Protection Against Self-Incrimination

42. The Plaintiff adopts and incorporates by reference paragraphs 1 through 41 as fully stated.

43. The Fifth Amendment of the United States Constitution provides protection against self-incrimination.

44. Plaintiff contends that the procedures and/or methods used by the Department in the January 8, 2025, security clearance hearing and in making the determination on his security clearance were constitutionally defective.

45. In accordance with DoDD 5220.06, Section 6.2, Defendant denied the Plaintiff's security clearance because he invoked his Fifth Amendment privilege and declined to answer questions that would criminally incriminate him. As applied to Plaintiff, this practice violates the Constitution.

46. Specifically, Plaintiff contends that by:

(1) informing him that any information he disclosed could be shared with authorities responsible for prosecuting crimes,

(2) providing notice that his failure to answer questions could result in the refusal to grant a security clearance, and thus, the loss of his employment,

(3) declining to offer him immunity from prosecution, and

(4) forcing him to choose between the threat of criminal prosecution and his security clearance, and ultimately his employment,

the Defendant compelled Plaintiff's testimony in violation of the Fifth Amendment.

47. The Defendant's actions violated the Plaintiff's right to protection from self-incrimination.

48. WHEREFORE, Plaintiff is entitled to relief in the form of (1) a declaratory order that Defendant Department of Defense violated Plaintiff's Fifth Amendment rights; (2) an injunction compelling the Defendant to cease violating Plaintiff's constitutional rights through the security clearance process; (3) award Plaintiff reasonable costs and attorney's fees; and (4) grant such other relief as the Court may deem just and proper.

## COUNT II
### Violation of the APA (5 U.S.C. §706)

49. The Plaintiff adopts and incorporates by reference paragraphs 1 through 41 as fully stated.

50. Defendant is a federal agency subject to the APA.

51. Defendant has taken final agency action in the form of the April 17, 2025, decision by the Administrative Judge that adversely affects Plaintiff and violates his rights under the Fifth Amendment to the U.S. Constitution, specifically the privilege against self-incrimination.


52. This action is reviewable under the APA because the Administrative Judge's decision constitutes a "final agency action for which there is no other adequate remedy in a court" within the meaning of 5 U.S.C. § 704 as the Defendant has not granted Plaintiff a security clearance pending the outcome of the appeal.

53. The Defendant's actions are contrary to constitutional right, right, power, privilege, or immunity as they violate his Fifth Amendment protection against compelled testimony. 5 U.S.C. § 706(2)(B).

54. Plaintiff is adversely affected or aggrieved by Defendant's actions as Defendant revoked Plaintiff's security clearance, a condition of his employment, on the basis of his assertion of his Fifth Amendment rights. The loss of the security clearance will end his career, which will also mean that Plaintiff will lose his livelihood as his entire career has been working technical jobs that require a security clearance. The permanent loss of his job and career will result in additional losses: (1) Plaintiff will lose his potential for earning a high income; (2) Plaintiff will lose his health insurance; (3) Plaintiff will lose his pension; (4) loss of his reputation; and (5) and Plaintiff will lose any other fringe-benefits.

55. WHEREFORE, Plaintiff respectfully requests: (1) a declaratory order that Defendant Department of Defense violated Plaintiff's Fifth Amendment rights and the APA; (2) an injunction compelling the Defendant to cease violating Plaintiff's constitutional rights through the security clearance process; (3) award Plaintiff reasonable costs and attorney's fees; and (4) grant such other relief as the Court may deem just and proper.

## PRAYER FOR RELIEF AS TO COUNTS I-II

**WHEREFORE,** the Plaintiff prayerfully requests that this Court:

56. Declare that the Defendant acted in violation of the Fifth Amendment of the United States Constitution;

57. Declare that the Defendant acted in violation of the APA;

58. Declare that the Defendant violated the Plaintiff's constitutional right to protection against self-incrimination by compelling his testimony in the January 8, 2025, security clearance hearing;

59. Enjoin the Defendant from setting a deadline for the appeal of the security clearance determination until the conclusion of this litigation;

60. Issue a preliminary and permanent injunction prohibiting Defendant, their agents, officials, servants, employees, and any other persons acting on its behalf from continuing to violate Plaintiff's constitutional rights as challenged in this Complaint;

61. Order the Defendant to delete the questions Plaintiff declined to answer, Plaintiff's declination to answer, and the accompanying reasoning from the records;

62. Order Defendant to readjudicate Plaintiff's security clearance using a process that does not compel his testimony and protects his Fifth Amendment right to protection from self-incrimination;

63. Award Plaintiff his reasonable attorney fees, litigation expenses, and costs as allowed under applicable laws; and

64. Grant such other relief as this Court deems just to the Plaintiff and his attorneys.

Dated: June 25, 2025                           Respectfully submitted,

                                               By: *Brett O'Brien*
                                               BRETT O'BRIEN, ESQ
                                               Bar License #: 1753983
                                               NATIONAL SECURITY LAW FIRM, LLC
                                               1250 Connecticut Avenue

NW Suite 700
Washington, DC 20036
Phone: (202) 600-4996
Fax:    (202) 545-6318